# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

| | | |
|---|---|---|
| In re | ) | CHAPTER 7 |
| | ) | |
| WILLIAM CLARENCE TAYLOR and | ) | |
| CRYSTAL ANN TAYLOR | ) | Case no. 08-31668-rfh |
| | ) | |
| Debtors. | ) | |
| _____ | ) | LINED FROM 4/11/09 NOON DRAFT |
| | ) | |
| VNS CORPORATION, | ) | |
| | ) | Adv. Pro. No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM CLARENCE TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT
## TO DETERMINE AMOUNT AND TO DENY DISCHARGEABILTY OF DEBT

This is the complaint of VNS CORPORATION ("VNS") to deny the dischargeability of

the debt of the debtor William Clarence Taylor ("Mr. Taylor") to VNS, and at the court's

discretion, to determine its amount.  VNS avers:

### JURISDICTION AND PROCEDURE

1.      Mr. Taylor and his wife filed this case as a chapter 7 case on December 29, 2008.

2.      VNS is a Georgia corporation, created in 1947, with principal place of business in

Vidalia, GA.

3.      This court has jurisdiction over this complaint under 28 U.S.C. §§ 157 and 1334.

4.      This complaint commences a core proceeding under 28 U.S.C. § 157(b)(2)(B) ("allowance or disallowance of claims against the estate") and (I) ("determinations as to the dischargeability of particular debts").

5.      Venue is proper here under 28 U.S.C. § 1409(a).

## NARRATIVE

### The Claims

6.      VNS sells building materials under the names Choo Choo Supply Company and Choo Choo Build-It Mart.

7.      Mr. Taylor was in the business of building houses through a corporation that he wholly owned, William Taylor Custom Homes, Inc.

8.      On March 11, 1994, Mr. Taylor executed a Business Credit Application for his corporation and, within the same document, a personal guaranty of its obligations.

9.      VNS has sold building materials to Mr. Taylor's corporation since then.

10.     Both the credit terms and the guaranty remain in full force and effect.

11.     The credit terms include 1.5% interest per month on unpaid accounts.

12.     Within the guaranty Mr. Taylor "agrees to be personally liable for all indebtedness plus interest and reasonable attorneys fees[.]"

13.     In every such sale, Mr. Taylor or an employee of his corporation directed that the sold goods, i.e., the building materials, be delivered to and used in a particular house under construction.

14.     When this bankruptcy case began, Mr. Taylor's corporation owed VNS money on open account for materials used on five different properties (individually, a "Property"; collectively, the "Five Properties"), as follows

| | | | |
|---|---|---|---|
| a. | Michele A. Browne | Lot 99, Sugar Run Subd., Section 3 Reynolds Plantation, Greene County | $7,060.60. |
| b. | HLD Holdings, L.P. | Lots 15 and 16, Lake Pointe Subd. Section I Reynolds Plantation, Greene County | $108,062.05 |
| c. | Scott Parker, as Trustee of Carol Parker Living Trust | Lot 54, Sandy Ford Subd. Section I Reynolds Plantation, Greene County | $102,446.95 |
| d. | Semersky Development, LLC | Lot 47, Plantation Point Subd., Phase 2 Reynolds Plantation, Greene County | $8,578.69 |
| e. | Samuel F. Wishon & Amy L. Wishon | Lot 26, Great Waters (f/k/a Reynolds Lndg) Subd., Reynolds Plantation, Putnam County | $163,077.05 |

15.     The total of the right column above (the "Aggregate Amount") is $389,225.34.

## Applicable Civil and Criminal Law

16.     O.C.G.A. § 44-14-361 et seq. provide for the creation, attachment, and dissolution of liens to secure payment of the amounts set forth above, each of which liens attaches to the Property into which VNS sent its materials.

17.     O.C.G.A. § 44-14-361.1 provides the conditions under which such liens become "effective and enforceable."

18.     VNS has satisfied the conditions set forth in O.C.G.A. § 44-14-361.1 for each Property, so that a lien (a "Lien") attached on each Property for the payment of the principal amount set forth above as due for that Property, plus interest, attorneys' fees and costs.

19.     O.C.G.A. § 44-361.2 provides that such liens are dissolved as follows:

(a) The special lien specified in subsection (a) of Code *Section 44-14-361* shall be dissolved if the owner, purchaser from owner, or lender providing construction or purchase money or any other loan secured by real estate shows that:
        . . .

(2)(A) They or any of them have obtained the sworn written statement of the contractor or person other than the owner at whose instance the labor, services, or materials were furnished, or the owner when conveying title in a bona fide sale or loan transaction, that the agreed price or reasonable value of the labor, services, or materials have been paid or waived in writing by the lien claimant . . .

20.     O.C.G.A. § 16-8-15 provides in pertinent part as follows:

§ 16-8-15.  Conversion of payments for real property improvements

  (a) Any . . . contractor . . . who with intent to defraud shall use the proceeds of any payment made to him on account of improving certain real property for any other purpose than to pay for labor or service performed on or materials furnished by his order for this specific improvement while any amount for which he may be or become liable for such labor, services, or materials remains unpaid commits a felony . . ..

      (b) A failure to pay for material or labor furnished for such property improvements shall be prima-facie evidence of intent to defraud.

21.     VNS has known the laws identified above for decades and files liens under O.C.G.A. § 44-14-361 in the ordinary course of business when debts to VNS are not paid.

22.     Mr. Taylor has known of the existence of the civil laws identified above, although not necessarily their statute numbers, at all times relevant to this complaint.

23.     Mr. Taylor has known of the existence of the criminal law identified above, although not necessarily its statute number, at all times relevant to this complaint.

24.     Either individually, or through a corporation, or both, Mr. Taylor has contracted for materials or services that have resulted in the filing of liens under O.C.G.A. § 44-14-361 before VNS has filed liens on the Properties.

25.     Either individually, or through a corporation, or both, Mr. Taylor has regularly signed affidavits pursuant to O.C.G.A. § 44-361.2 that remove liens from subject properties before VNS has filed liens on the Properties.

## The False Swearing

26.     On at least one of the Five Properties, Mr. Taylor swore to an affidavit that constituted the "sworn written statement" required by O.C.G.A. § 44-361.2 (and "Affidavit").

27.     One effect of each Affidavit was to remove all O.C.G.A. § 44-14-361 liens from that Property.

28.     Mr. Taylor knew or should have known when he signed each Affidavit that one effect of each Affidavit was to remove all O.C.G.A. § 44-14-361 liens from that Property.

29.     Another effect of each Affidavit was to obtain money that Mr. Taylor could not obtain unless he signed the Affidavit.

30.     Mr. Taylor knew or should have known when he signed each Affidavit that one effect of each Affidavit was to obtain money that Mr. Taylor could not obtain unless he signed the Affidavit.

31.     Each time an Affidavit was requested, the removal of liens from the Property was a condition of Mr. Taylor and/or his corporation receiving more money.

32.     Each time an Affidavit was requested, Mr. Taylor knew or should have known that the removal of liens from the Property was a condition of Mr. Taylor and/or his corporation receiving more money.

33.     Mr. Taylor swore to and executed each Affidavit to induce payment to himself or his corporation by causing the homeowner and possibly others to think that VNS had been paid or had waived payment.

34.     Mr. Taylor wore to and executed each Affidavit to obtain money that Mr. Taylor could not obtain unless he signed the Affidavit.

35.     Each time he signed an Affidavit, Mr. Taylor in fact received money for himself and/or his corporation.

36.     Each time that Mr. Taylor signed an Affidavit, the homeowner paid money to Mr. Taylor or his corporation that the homeowner would not otherwise have paid to that payee.

37.     If Mr. Taylor had not signed an Affidavit, the homeowner retained the right to pay VNS directly and to deduct the amounts so paid from any sums owed to Mr. Taylor or his corporation.

38.     Each Affidavit was false.

39.     When Mr. Taylor swore to and executed each Affidavit, the amount due VNS identified above for the Property subject to the Affidavit had not been paid, and VNS had not waived payment of it.

40.     When Mr. Taylor swore to and executed each Affidavit, Mr. Taylor was aware that the amount due VNS identified above for the Property subject to the Affidavit had not been paid, and VNS had not waived payment of it.

41.     Mr. Taylor did not direct the payments induced by the Affidavit to reduce the amounts set forth above that are owed to VNS.

42.     Mr. Taylor received personal benefit from such payments.

43.     At each time that Mr. Taylor signed an Affidavit, Mr. Taylor's corporation did not have or receive the funds available to pay debt to VNS that the Affidavit swore had either been paid or been waived.

44.     At each time that Mr. Taylor signed an Affidavit, Mr. Taylor was aware that Mr. Taylor's corporation did not have or receive the funds available to pay debt to VNS that the Affidavit swore had either been paid or been waived.

45.     In the alternative to the two paragraphs just above, each time that Mr. Taylor

signed an Affidavit, Mr. Taylor's corporation did have or receive the funds available to pay debt

to VNS that the Affidavit swore had either been paid or been waived, but Mr. Taylor decided to

spend that money on something else.

## COUNT I –CLAIM AGAINST THE ESTATE

46.     All statements above are hereby adopted by reference under F.R.Civ.P. 10(c),

made applicable by F.R.B.P. 7010.

47.     Mr. Taylor's bankruptcy estate is liable for the Aggregate Amount above, plus

interest at the annual rate of 18%, plus reasonable attorney's fees.

## COUNT II – NONDISCHARGEABILITY

### II-A -- Fraud Under 11 U.S.C. § 523(a)(2)(A)

48.     All statements above are hereby adopted by reference under F.R.Civ.P. 10(c),

made applicable by F.R.B.P. 7010.

49.     11 U.S.C. § 523(a)(2)(A) provides in pertinent part: "A discharge . . . does not

discharge an individual debtor from any debt . . . for . . . an extension, renewal, or refinancing of

credit, to the extent obtained, by . . . false pretenses, a false representation, or actual fraud."

50.     Each Affidavit enabled Mr. Taylor's corporation to obtain an extension of credit

from VNS.

51.     Each homeowner justifiably relied on Mr. Taylor's misrepresentations in each

Affidavit.

52.     As to each Affidavit, VNS suffered damages in the amount of the outstanding

principal, interest, and costs of collection, of the amounts actually due concerning the Property

subject to the Affidavit, all in an amount to be proven at trial.

53.     The damages that VNS sustained are excepted from discharge under 11 U.S.C. § 523(a)(2)(A).

### II-B:  Willful And Malicious Injury To Property Under 11 U.S.C. § 523(a)(6)

54.     All statements above Count II are hereby adopted by reference under F.R.Civ.P. 10(c), made applicable by F.R.B.P. 7010.

55.     11 U.S.C. § 523(a)(6) provides in pertinent part:  "A discharge . . . does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor . . . to the property of another entity."

56.     Each Lien constituted "property" of VNS as "property" is used in 11 U.S.C. § 523(a)(6).

57.     When Mr. Taylor signed each Affidavit, he had a specific intent to dissolve the VNS Lien on the Property subject to that Affidavit.

58.     The dissolving of the VNS Lien under O.C.G.A. § 44-14-361.2 constitutes an "injury" to that Lien as "injury" is used in 11 U.S.C. § 523(a)(6).

59.     Mr. Taylor's swearing to and executing each Affidavit created a substantial certainty that VNS would lose its Lien on the Property that was the subject of the Affidavit.

60.     The dissolving of the VNS Lien under O.C.G.A. § 44-14-361.2 also constituted an injury to VNS, because it substantially lowered the likelihood that VNS could get paid in full for materials sent to the Property subject to the Affidavit.

61.     Mr. Taylor's swearing to and executing each Affidavit created a substantial certainty that VNS would not get paid in full for materials sent to the Property subject to the Affidavit.

62. Mr. Taylor committed willful and malicious injuries to VNS's property through the acts identified above.

63. Mr. Taylor committed willful and malicious injuries to VNS through the acts identified above.

64. The aggregate value of the Liens consists of (a) all principal amounts outstanding on Properties subject to the Liens, plus (b) interest on the outstanding amount until judgment at 18% annually, plus (c) reasonable attorneys fees.

65. The aggregate value of the Liens is excepted from discharge under 11 U.S.C. § 523(a)(6).

## COUNT III – PUNITIVE DAMAGES

66. All statements above are hereby adopted by reference under F.R.Civ.P. 10(c), made applicable by F.R.B.P. 7010.

67. As will be proven by clear and convincing evidence, Mr. Taylor's actions showed "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences," as those words are used in O.C.G.A. § 51-12-5.1(b).

68. O.C.G.A. § 51-12-5.1(b) gives rise to punitive damages.

69. VNS is entitled to punitive damages under § 51-12-5.1(b) and other law, in an amount to be proven at trial.

70. Any punitive damages that VNS recovers are excepted from discharge as part of the nondischargeable "debt," as the word is used in 11 U.S.C. § 523(a), arising from Mr. Taylor's actions set forth above. Cohen v. De La Cruz, 523 U.S. 213 (1998).

**PRAYER**

Wherefore VNS requests the following:

A.      As to Count I, a claim against Mr. Taylor's bankruptcy estate for Aggregate Amount above, plus interest at the annual rate of 18%, plus reasonable attorneys fees;

B.      As to Count II, nondischargeable judgment against Mr. Taylor for the aggregate principal amount due on each Property that was the subject of an Affidavit, in amounts to be proved to be proved at trial;

C.      As to Count II, nondischargeable judgment against Mr. Taylor for interest at an amount to be proved at trial;

D.      As to Count II, nondischargeable judgment against Mr. Taylor for costs and attorneys' fees at an amount to be proved at trial;

E.      As to Count III, nondischargeable judgment against Mr. Taylor for punitive damages at an amount to be proved at trial, and a claim against Mr. Taylor's estate under 11 U.S.C. § 726(a)(4) for the same amount; and

F.      such further relief as is just.

Dated:  April 13, 2009
        Atlanta, Georgia

s/Bill Rothschild                                    /s/ John E. Robinson
William L. Rothschild                                John E. Robinson
Georgia Bar No. 616150                               John E. Robinson, P.C.
Ellenberg, Ogier, Rothschild and Rosenfeld,          150 East Ponce de Leon Avenue, Suite 330
P.C.                                                 Decatur, GA 30030
170 Mitchell Street, S.W.                            404-377-6464 - Phone
Atlanta, GA 30303-3424                               404-377-3658 - Fax
404 525 4000                                         jer@jerpclaw.com
br@eorlaw.com

Attorneys for VNS